UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RESNEL RENE,

     Petitioner,

v.                                    CASE NO. 6:19-cv-85-Orl-28EJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

     Respondents.

_____/

## ORDER

This cause is before the Court on a Petition for Writ of Habeas Corpus ("Petition," Doc. 1), filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response to the Petition ("Response," Doc. 13) in compliance with this Court's instructions. Petitioner was given an opportunity to file a Reply to the Response, but he did not do so. For the reasons set forth below, the Court finds that the Petition is untimely and must be denied.

### I.    PROCEDURAL HISTORY

The State Attorney for the Ninth Judicial Circuit Court in and for Orange County, Florida, charged Petitioner with two counts of capital sexual battery (Counts One and Two) and one count of lewd or lascivious molestation (Count Three). (Doc. 16-1 at 4-6). Petitioner entered a negotiated plea whereby he agreed to plead guilty to the lesser included offense of attempted sexual battery for Count One, and the State Attorney agreed to enter a *nolle prosequi* with respect to Counts Two and Three. (*Id.* at 9-12). On July 16, 2014, Petitioner was adjudicated guilty of attempted sexual battery of a child under the age of twelve, and sentenced to a fifteen-year term of imprisonment. (*Id.* at 16-

19). Petitioner did not appeal.

On April 24, 2018,[1] Petitioner filed a petition for writ of habeas corpus with the trial court. (*Id.* at 26-44). The trial court denied the petition on May 31, 2018. (*Id.* at 46-48). Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam* on October 9, 2018. (*Id.* at 81). Mandate issued on November 2, 2018. (*Id.* at 83).

On November 28, 2018, Petitioner filed a second habeas petition with the trial court. (Doc. 16-2 at 2-16). The trial court denied the petition on December 21, 2018. (*Id.* at 18-20). Petitioner did not appeal.

The instant Petition was filed on January 4, 2019. (Doc. 1).

## II.    TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

   (A)    the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)    the date on which the constitutional right asserted was initially

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, Petitioner did not file a direct appeal. Therefore, his conviction became final on August 15, 2014, after the time for seeking review (thirty days) expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding that "with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2254(d)(1)(A) when the time for seeking such review expires[.]"); Fla. R. App. P. 9.140(b)(3) (allowing 30 days for defendants to file a notice of appeal). Under § 2244(d)(1)(A), Petitioner had one year from that date, absent any tolling, to file a federal habeas petition.

Pursuant to § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner's one-year limitations period expired on August 15, 2015.   Although Petitioner filed two habeas petitions in the state court, the petitions did not toll the statute of limitations because the one-year period expired before Petitioner initiated those actions. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A

state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). The Petition, filed on January 4, 2019, is untimely, and consequently it will be denied.

Petitioner argues that his untimely Petition should be excused because he is actually innocent. (Doc. 1-3). The Supreme Court of the United States has held that actual innocence, if proved, may serve as a gateway through which a habeas petitioner may obtain review of his claims even if the one-year statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "An actual-innocence claim must be supported 'with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 530-31 (11th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To satisfy the "'threshold showing of innocence' justifying 'a review of the merits of the constitutional claims,' the new evidence must raise 'sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 531 (quoting *Schlup*, 513 U.S. at 317). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner contends that he was convicted of a non-existent offense. (Doc. 1 at 3). However, Petitioner merely challenges the legal sufficiency of his conviction and does not provide any new reliable evidence not available at the time he entered his plea to support a claim that he is factually innocent. Therefore, Petitioner has failed to demonstrate that

4

his untimely petition should be excused.[2]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

## III.   CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

---

[2] Additionally, the Court notes that Petitioner's claim fails. Attempted sexual battery of a child under the age of twelve is a first degree felony in the State of Florida punishable by up to thirty years in prison. See *Adams v. State*, 901 So. 2d 275, 276–77 (Fla. 5th 2005). Therefore, Petitioner was not convicted of a non-existent crime.

The Court concludes that Petitioner has not made the requisite showing in these circumstances and is thus not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.　　The Petition for Writ of Habeas Corpus filed by Resnel Rene (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.　　Petitioner is **DENIED** a certificate of appealability.

3.　　The Clerk of the Court is directed to enter judgment and close this case.

**DONE AND ORDERED** in Orlando, Florida, on ___May___ _1ˢᵗ_, 2020.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 4/30
Counsel of Record
Unrepresented Party

6